■ In the Matter of KENNETH J. HALLIHAN, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.— Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered September 19, 1989, denying a petition to annul a determination which had denied an application for accidental disability retirement, unanimously affirmed, without costs.

An accidental disability, for purposes of pension and retirement (Administrative Code of City of New York § 13-252), must meet the commonsense definition of a sudden and unexpected event *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012), as opposed to an injury resulting from routine performance of duty *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568). It is the precipitating cause of the injury, rather than the job assignment at the time, that determines entitlement to accidental disability benefits *(Matter of McCambridge v McGuire,* 62 NY2d, *supra,* at 567).

Petitioner was injured when he stepped off a curb onto a cobblestone roadway. The only contemporaneous reports of the incident (the separate line-of-duty investigation and its accompanying medical evaluations) made no mention of any hazardous condition *(cf., Matter of Pratt v Regan,* 68 NY2d 746; *Matter of Knight v McGuire,* 62 NY2d 563). Unauthenticated photographs of the scene, as well as unsworn, self-serving statements by petitioner's companions, submitted fully a year and a half after the incident, were properly given minimal weight. Respondent Board of Trustees' determination by tie vote, resulting in ordinary disability retirement *(Caruso v*

*New York City Police Dept. Pension Funds,* 72 NY2d 568, 573), can only be disturbed if entitlement to greater benefits can be shown as a matter of law *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352). Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.