■ In the Matter of JOHN DANYI, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Leonard N. Cohen, J.), entered on January 16, 1991, which denied and dismissed the CPLR article 78 petition seeking to annul and vacate respondent New York City Employees' Retirement System's determination denying petitioner accidental disability benefits, unanimously affirmed, without costs and without disbursements.

Petitioner, a sanitation worker, tripped on a curb while carrying a refuse pail and sustained an injury to his left knee. Contemporaneous reports of the incident, including the line-of-duty investigation, medical evaluations, and statements of the petitioner's immediate supervisor, made no mention of any hazardous condition. Nevertheless, petitioner argues that his knee injury was proximately caused by the broken condition of the curb. In support of this contention, more than a year later, he submitted unauthenticated photographs of the scene, as well as an undated statement by a co-worker. Petitioner also contends that tripping over a curb constitutes an "unexpected event", regardless of its condition.

Petitioner has the burden of establishing that there was an accident, and that a causally-related disability resulted. *(Matter of Drayson v Board of Trustees of Police Pension Fund,* 37 AD2d 378, *affd* 32 NY2d 852.) By offering, at various times, divergent accounts of the occurrence, petitioner failed to sustain his burden of establishing a causal connection between his knee injury and the broken curb. As such, it was neither arbitrary nor capricious for the respondent to find that the

petitioner's injury was not the result of an accident within the meaning of the statute. *(Matter of Becker v Ward,* 169 AD2d 453.)

Lastly, a mere misstep in the ordinary course of employment is not the kind of "sudden and unexpected event" which will support an award of accidental disability retirement benefits. *(Matter of Ortiz v New York City Employees' Retirement Sys.,* 173 AD2d 237, 238.) Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.