■ In the Matter of THOMAS P. McCORMACK, Appellant, v RAYMOND W. KELLY et al., Respondents. [614 NYS2d 503] —Order and judgment (one paper, denominated an order), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about May 10, 1993, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner an accidental disability retirement pension, and dismissed the petition, unanimously affirmed, without costs.

The IAS Court correctly held that the Board of Trustees was not bound by the Medical Board's revised determination that petitioner's disabling back condition was the result of his having tripped over a sidewalk depression while carrying certain police records on foot in the line of duty. Where, as here, the decision to deny accidental disability benefits and to grant ordinary disability benefits is reached in consequence of a 6 to 6 tie vote, the denial of accidental disability benefits can be set aside on judicial review only if it can be concluded that the retiree is entitled to greater benefits as a matter of law *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 351-352). In view of the evidence of petitioner's preexisting back condition, and the divergent account of the occurrence petitioner gave to his doctor of his ankle giving way for no apparent reason, which was supported by a recent earlier report of just such an episode, it cannot be said that petitioner was entitled to the greater disability benefits as a matter of law *(see, Matter of Danyi v Board of Trustees,* 176 AD2d 451; *Matter of Hallihan v Ward,* 169 AD2d 542). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.