■ In the Matter of JAMES V. SMITH, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [626 NYS2d 200] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered March 9, 1994, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application for an accidental disability pension, and dismissed the petition, unanimously affirmed, without costs.

Respondents' determination that the injury petitioner sustained to his shoulder and back when, in the course of his employment with the New York City Parks Department, he lifted a wheelbarrow into a dump truck, was not the result of an unexpected event, and thus not an "accident" within the meaning of Retirement and Social Security Law § 605 (b) (3), was not arbitrary and capricious *(see, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010; *Matter of Danyi v Board of Trustees,* 176 AD2d 451). Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.

■ KENNETH CARTER, Appellant, v BALDWIN TRANSPORTATION CORP. et al., Respondents. [627 NYS2d 549] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered May 9, 1994, which, *inter alia,* denied plaintiff's motion to strike the answer of defendants Baldwin Transportation Corp. and William E. Seabrock, unanimously affirmed, with costs.

The IAS Court properly determined that defendants substantially complied with the preliminary conference order and plaintiff's demand for discovery and inspection and, therefore, properly denied plaintiff's motion to strike defendants' answer. Actions should be decided on their merits whenever possible and the harsh penalty of striking pleadings should only be imposed where the failure to comply was willful, contumacious or due to bad faith *(Bassett v Bando Sangsa Co.,* 103 AD2d 728), circumstances not presented herein. Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.