■ In the Matter of Albert Guarneri, Appellant, v William Bratton et al., Respondents. [666 NYS2d 420] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered October 11, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner an accident disability retirement pension, and dismissed the petition, unanimously affirmed, without costs.

The Board of Trustees denied petitioner accident disability benefits as a result of a tie vote. We agree with the IAS Court's denial of his article 78 petition on the ground that it could not be said as a matter of law that petitioner's fall was caused by an accident (*see, Matter of Hallihan v Ward*, 169 AD2d 542). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.

■ The People of the State of New York, Respondent, v Bruce Brown, Appellant. [666 NYS2d 422] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered August 16, 1995 convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations (*see, People v Gaimari*, 176 NY 84, 94).

Closure of the courtroom was proper based upon the testimony of the undercover officer that he was currently and expected in the future to be engaged in undercover operations in the specific area of defendant's arrest; that he had approximately ten cases pending in the courthouse as a result of his purchases in the specific area of defendant's arrest; that he purchased drugs from approximately three unapprehended individuals from the same vicinity in which defendant was arrested; and that he feared being recognized due to the frequency of his appearance in the same building (*see, People v Gatling*, 240 AD2d 216). Moreover, since defendant never suggested any reasonable alternatives to closure, the trial court was not required to consider such alternatives (*People v Ayala*, 90 NY2d 490, 503, *cert denied* — US —, 118 S Ct 574). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.