■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UI LIN, Also Known as LIN UI, Appellant. [687 NYS2d 314] —Judgment, Supreme Court, New York County (Renee White, J.), rendered June 26, 1997, convicting defendant, after a jury trial, of attempted grand larceny in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's contention that the People failed to prove that the victim was an owner of the money is unpreserved and we decline to review it in the interests of justice. Were we to review it, we would find that the totality of the evidence supported a reasonable inference that the victim was an "owner" within the meaning of Penal Law § 155.00 (5) (*People v Hutchinson*, 56 NY2d 868). Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.

■ In the Matter of JOSEPH REICHFELD, Appellant, v HOWARD E. SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [686 NYS2d 415] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered on or about October 29, 1997, which, in a proceeding brought pursuant to CPLR article 78 to annul and vacate a determination by respondent Board of Trustees denying petitioner's application for accident disability retirement benefits and retiring him on ordinary disability, dismissed the petition, unanimously affirmed, without costs.

Respondent Board of Trustees reasonably found the contemporaneous injury and medical reports generated in connection with petitioner's fall to be more reliable than petitioner's subsequently rendered and not entirely consistent accounts of the circumstances attending his injury, and its determination, based upon the duly credited records, that petitioner was not entitled to accident disability benefits was not arbitrary and capricious (*see, Matter of Danyi v Board of Trustees of N. Y. City Employees' Retirement Sys.*, 176 AD2d 451; *Matter of Hallihan v Ward*, 169 AD2d 542). Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.