■ In the Matter of Robert Morgan, Appellant, v Bernard Kerik et al., Respondents. [760 NYS2d 34] —Judgment, Supreme

Court, New York County (Leland DeGrasse, J.), entered May 3, 2002, which denied petitioner police officer's application to annul respondent Board of Trustees' determination denying petitioner an accident disability pension, and dismissed the petition, unanimously affirmed, without costs.

Petitioner slipped and fell on the front steps of his precinct house as he was exiting to go out on patrol, sustaining a disabling injury. Witness statements prepared at the time of the occurrence made no mention of water on the steps, although the patrol supervisor's report did say that the smooth stone steps tended to be slippery. About three weeks later, these same witnesses amended their statements to say that a small amount of water or some other liquid was on the steps. The vote of the Board of Trustees was tied on the issue of whether petitioner's slip and fall was due to a service-related accident, by virtue of which petitioner was denied an accident disability pension. Petitioner's CPLR article 78 application was properly denied since it cannot be said as a matter of law that his slip and fall was due to wetness on the steps rather than his own misstep (*see Matter of Starnella v Bratton,* 92 NY2d 836, 839 [1998]). Certainly, the amended witness statements are not, as a matter of law, more reliable than the original ones (*see Matter of Reichfeld v Safir,* 259 AD2d 298 [1999], *lv denied* 93 NY2d 809 [1999]). Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.