■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE ALLEN, Appellant. [823 NYS2d 116]—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on or about April 20, 2005, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.

■ In the Matter of SETONA HALL, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [822 NYS2d 534]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered December 2, 2005, which denied the petition brought pursuant to CPLR article 78 seeking to annul respondents' denial of accidental disability retirement benefits to petitioner, and dismissed the proceeding, unanimously affirmed, without costs.

Contemporaneous accounts of petitioner's injury included her own statement in the line-of-duty injury report that she had injured her knee as she ran in formation with her classmates in the gym of the Police Academy. Not until two years later did she allege that her injuries resulted from a slippery substance or foreign object on the gym floor. In reaching its determination, by a tie vote, to deny accidental disability retirement benefits, the Board of Trustees reasonably relied on the contemporaneous accounts of petitioner's line-of-duty injury (*see Matter of Reichfeld v Safir*, 259 AD2d 298 [1999], *lv denied* 93 NY2d 809 [1999]). We cannot say, as a matter of law, that the injury was the result of an accident and not petitioner's own misstep (*see Matter of Morgan v Kerik*, 305 AD2d 288 [2003], *lv denied* 1 NY3d 507 [2004]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.