■ In the Matter of ALFRED CANONICO, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [834 NYS2d 19]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered December 2, 2005, which denied the petition and dismissed this proceeding brought pursuant to CPLR article 78 seeking to annul respondents' disapproval of a request for an accident disability pension, unanimously affirmed, without costs.

The Medical Board's determination that petitioner police officer's seizure disorder was not caused by his line-of-duty injury suffered in August 1998 was based on "some credible evidence" (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y.*, 37 AD2d 378, 380 [1971], *affd* 32 NY2d 852 [1973]). Although several doctors indicated that petitioner's condition likely resulted from the line-of-duty incident, the Medical Board was not required to credit such opinions (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]), especially since petitioner's original line-of-duty report and emergency room record failed to mention any head injury or complaints of headaches that petitioner later claimed and petitioner failed to provide contemporaneous medical evidence of such an injury or complaints (*see Matter of Danyi v Board of Trustees of N.Y. City Employees' Retirement Sys.*, 176 AD2d 451 [1991]; *see also Matter of Hallihan v Ward*, 169 AD2d 542 [1991]). Furthermore, New York Police Department's surgeon twice disapproved petitioner's application to amend his original line-of-duty report to include a head injury and complaints of headaches.

The Board of Trustees' decision to rely on the Medical Board's recommendations to deny "accidental" and approve "ordinary" disability retirement was neither arbitrary nor capricious (*Drayson*, 37 AD2d at 381). Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.