OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The application by Andrew Fesler for an order pursuant to CPLR article 78: (1) annulling the determination by respondents denying the petitioner’s application for accidental disability retirement (ADR) benefits pursuant to section 13-252.1 of the Administrative Code of the City of New York (WTC Law); (2) directing and ordering the respondents to grant petitioner’s ADR application as a matter of law; and (3) for an order pursuant to section 2307 of the CPLR directing the respondents to serve and file: (a) all reports, recommendations, certificates and all other documents submitted to the Police Pension Fund in connection with the retirement of the petitioner; (b) copies of *446 the minutes of each meeting where the Board of Trustees considered, discussed or acted with regards to petitioner’s ADR application; and (c) copies of any and all medical records, reports or notes relating to petitioner which are on file with Police Pension Fund and/or the New York City Police Department Medical Division including all pre-employment documentation, is denied.
Petitioner was appointed as a uniformed police officer in the New York City Police Department on January 4, 1984 and served continuously until his retirement in 2004. Throughout his entire service, the petitioner was a member of the Pension Fund, and made all contributions thereto, as required by law. On September 11, 2001, the petitioner was a first responder to the World Trade Center (WTC) site, and participated in rescue, recovery, and cleanup operations for several days. The petitioner filed a notice of participation form with the Pension Fund indicating that he worked at WTC-designated sites for more than 40 hours between September 11, 2001 and September 12, 2002.
On February 4, 2009, the petitioner was diagnosed with Crohn’s disease (ileocolitis) and gastroesphogeal reflux disease (GERD). As a result, on November 9, 2009, the petitioner filed an application for ADR benefits under the WTC Law, claiming that his condition prevented him from fully performing his police officer duties. Thereafter, on three separate occasions, the Police Pension Fund, Article II Medical Board considered the application and examined both the petitioner’s physical condition and the evidence submitted in support of his application, and found that (1) the GERD was mild and (2) the ileocolitis may be debilitating, however, that condition is not recognized as being caused by exposure at the WTC. Accordingly, the respondents denied the petitioner’s application for ADR benefits. Soon thereafter, the petitioner commenced an article 78 proceeding in the Supreme Court of New York, New York County. On January 11, 2013, the Honorable Louis B. York remanded the matter to the Medical Board, finding that the determination lacked affirmative evidence to support its finding of lack of causation and failed to analyze whether ileocolitis could constitute a qualifying condition. (Fesler v Kelly, 2013 NY Slip Op 30078[U] [Sup Ct, NY County 2013].)
Upon remand, the Medical Board reviewed the ADR application and new evidence provided by the petitioner and found that ileocolitis is generally caused by a genetic predisposition. *447 The Medical Board deferred the case in order to research the literature further for a possible connection between WTC toxins to the development of ileocolitis. On September 27, 2013, the Medical Board issued its final report finding that the research did not support a link of known toxins released at the WTC site to ileocolitis. Further, it noted that ileocolitis is not among the various conditions quoted in the registries of individuals exposed to the WTC site, nor has it found an increased number of ileocolitis reported cases amongst persons exposed to the WTC site. Accordingly, on February 12, 2014, the Board of Trustees adopted the recommendation of the Medical Board and finalized the denial of the petitioner’s ADR application.
Petitioner now seeks to annul the February 12, 2014 determination by the Board of Trustees on the grounds that it was arbitrary, capricious and contrary to law. Specifically, the petitioner avers that: (1) the action of the Medical Board failed, neglected and refused to use the proper legal test of entitlement to an ADR pension applicable in the circumstances; and (2) the action of the Medical Board was contrary to the competent evidence establishing that the petitioner is entitled to ADR pension under the WTC Law. Respondents oppose the petition and request that this court deny the petition on the grounds the Medical Board made a determination based on credible evidence in the record that the petitioner has failed to meet his burden of establishing that his disability should be considered a qualifying condition pursuant to the WTC Law.
Pursuant to Administrative Code § 13-252, ADR benefits require that an applicant establish that he or she is “a member in city-service” who “is physically or mentally incapacitated for the performance of city-service, as a natural and proximate result” of an “accidental” injury received in city-service. The determination of physical incapacity shall be made by the Medical Board. (See Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756, 760 [1996].) Ordinarily, the burden is on the applicant to establish that his or her disabling injury constitutes an accident for ADR purposes. (Matter of Danyi v Board of Trustees of N. Y. City Employees’ Retirement Sys., 176 AD2d 451 [1st Dept 1991].) However, in response to the WTC tragedy, “a new statute was enacted creating a presumption in favor of ADR benefits for police officers who performed rescue, recovery or cleanup operations at specified locations, including the World Trade Center.” (Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, *448 Art. II, 20 NY3d 268, 276 [2012]; see Administrative Code of City of NY § 13-252.1.) As amended, the WTC Law established a presumption that
“if any condition or impairment of health is caused by a qualifying World Trade Center condition as defined in section two of the retirement and social security law, it shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member’s own willful negligence, unless the contrary be proved by competent evidence.” (Administrative Code § 13-252.1 [1] [a].)
Pursuant to Retirement and Social Security Law § 2 (36) (c) (iii) and (v), a qualifying medical condition shall include “diseases of the gastroesophageal tract, including esophagitis and reflux disease, either acute or chronic, caused by exposure or aggravated by exposure . . . or . . . new onset diseases resulting from exposure as such diseases occur in the future including cancer, asbestos-related disease, heavy metal poisoning, and musculoskeletal disease” (see Retirement and Social Security Law § 2).
To take advantage of the presumption, the petitioner must establish that: (1) he worked the requisite hours at the WTC site; and (2) he suffers from a statutorily defined qualifying condition. (See Bitchatchi, 20 NY3d 268, 276-277 [2012]; Retirement and Social Security Law § 2 [36] [c] [v].) Here it is uncontested that the petitioner worked the requisite hours as required by law. Thus, the only issue to be decided is whether the petitioner has sufficiently established that his condition is a “qualifying condition” under the WTC Law, and if so, whether the Medical Board successfully rebutted the presumption in denying the petitioner’s ADR application.
It is well settled that a court will not interfere with the determination of an administrative agency unless there was no rational basis for the decision or if the action was arbitrary and/or capricious. (See Matter of Rosenkrantz v McMickens, 131 AD2d 389 [1st Dept 1987]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974].) Where there is a rational basis to support the findings and conclusions of an administrative agency, a court may not substitute its judgment for that of the agency. (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971] [“The judicial function *449 is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body”].) When, as here, the petitioner is challenging the Medical Board’s finding, such recommendation will not be disturbed if it is based on substantial evidence, which has been construed to require some credible evidence. (Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756, 760-761 [1996].)
In the case at bar, the petitioner has failed to establish that his condition constitutes a WTC Law qualifying condition. Further, this court finds sufficient credible evidence in the record to support the Medical Board’s finding that the petitioner’s ileocolitis is not, nor was it caused by a WTC Law qualifying condition. The petitioner, in reliance on Bitchatchi and Matter of Dement v Kelly (97 AD3d 223 [1st Dept 2012]), avers that the Medical Board failed to specify or include the medical literature on which it relied, thus the petition should be granted. (See generally Bitchatchi, 20 NY3d 268, 276-277 [2012]; Matter of Dement v Kelly, 97 AD3d 223 [1st Dept 2012].) In both those actions, the threshold issue before the court was whether the respondents had presented substantial evidence to overcome the WTC Law presumption. Here, the central issue is whether ileocolitis is a statutory qualifying condition that will enable the petitioner to take advantage of the presumption. (Id.) Thus, the petitioner’s reliance on Bitchatchi and Dement is misplaced and the petitioner, not the respondents, has the burden of establishing that he suffers from a statutorily defined qualifying condition. (See Bitchatchi, 20 NY3d 268, 276-277 [2012]; Retirement and Social Security Law § 2 [36] [c] [v].)
Based on the record, it is clear that: (1) the petitioner has failed to submit credible evidence linking ileocolitis to WTC exposure; and (2) the determination by the Medical Board was based on “some credible evidence” and was not arbitrary nor capricious. Credible evidence refers to evidence that “proceeds from a credible source and reasonably tends to support the proposition for which it is offered.” (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147 [1997].) At the outset it is noted that ileocolitis is not listed as a qualifying condition under Retirement and Social Security Law § 2 (36). Moreover, the record reflects that the Medical Board based its determination on petitioner’s ADR application and supporting evidence, relevant medical literature, the petitioner’s case history, and trends in the WTC *450 worker registries, none of which support a finding that ileocolitis is linked to exposure to WTC toxins.
Petitioner argues that the determination is baseless and that the Medical Board ignored the evidence presented to it. This claim however is without merit as it is clear from the record that the Medical Board considered the nature and circumstances surrounding petitioner’s complaint, as well as the medical evidence he presented to the Medical Board. It is well established that “courts cannot weigh the medical evidence or substitute their own judgment for that of the Medical Board. Only if the Board of Trustees’ determination is ‘wholly irrational’ should the court step in and upset the Board’s determination.” (Matter of Appleby v Herkommer, 165 AD2d 727, 728 [1st Dept 1990] [citations omitted].) Here, the Medical Board has presented credible evidence to support the position that the petitioner’s illness is not a statutory qualifying condition. (See Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147 [1997]; Matter of Guerra v Scoppetta, 25 Misc 3d 1207[A], 2009 NY Slip Op 51990 [U] [Sup Ct, Kings County 2009]; Triola v Kelly, 2011 NY Slip Op 31839[U].)
Accordingly, it is hereby adjudged that, the application by petitioner for an order pursuant to CPLR article 78 annulling the determination by respondents, which denied petitioner’s application for ADR benefits pursuant to the WTC Law, is denied and the proceeding is dismissed without costs or disbursements to either party.