## Matter of Mao Shoppe Corp. v City of New York

2024 NY Slip Op 33252(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 155907/2024

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**                    PART                    **04**

*Justice*

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP.,

|  |  |
|---|---|
| INDEX NO. | 155907/2024 |
| MOTION DATE | 06/26/2024 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

CITY OF NEW YORK, PRESTON NIBLACK, COMMISSIONER NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY SHERIFF ANTHONY MIRANDA, ASIM REHMAN, COMMISSIONER NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS,

**DECISION + ORDER ON MOTION**

Respondents.

----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for _____ARTICLE 78 (BODY OR OFFICER)_____.

In this special proceeding, petitioner Mao Shoppe Corp. ("Mao") seeks to vacate the sealing order issued by the New York City Sheriff's Office ("the Sheriff") closing petitioner's business and the May 28, 2024 decision of New York City Office of Administrative Trials and Hearings ("OATH") Officer Kristina Ross ("Hearing Officer") recommending the continuation of this sealing order. Petitioner commenced this special proceeding by petition and order to show cause, seeking the foregoing relief and requesting a temporary restraining order and preliminary injunction barring the Sheriff from enforcing the sealing order during the pendency of this

proceeding. This Court declined to grant a temporary restraining order and the petition was submitted on July 5, 2024.[1]

For the reasons set forth below, the petition is denied and dismissed.

## BACKGROUND

In March 2021, the New York State Legislature enacted the Marihuana Regulation and Taxation Act (also known as the "Cannabis Law"), "comprehensive legislation that, inter alia, provided for the regulation and taxation of marihuana and decriminalized its use." (Matter of Mia S., 212 AD3d 17, 19-20 [2d Dept 2022], lv to appeal dismissed, 39 NY3d 1118 [2023]). On April 20, 2024, the Legislature amended the Cannabis Law, adding Administrative Code §§7-551 and 7-552, which, inter alia, granted additional enforcement powers to the Office of the City Sheriff to address "illicit sales and marketing of cannabis" (Moon Rocket Inc. v City of New York, 24-CV-4519 (JPO), 2024 WL 3454901; 2024 US Dist LEXIS 127969 [SDNY July 18, 2024]).

More specifically, Administrative Code §7-551 sets out civil penalties for violations of Cannabis Law §125 which, as pertinent here, prohibits the sale of any cannabis or cannabis product or product marketed or labeled as such "within the state without obtaining the appropriate registration, license, or permit" (Cannabis Law §125[1]). Administrative Code §7-552, in turn, empowers the Sheriff's Office to inspect any business where cannabis or cannabis products are sold and, upon finding a violation of section 7-551, order that such prohibited conduct cease (Admin. Code §7-552[b][1]). The Sheriff's Office also has the power to issue an order sealing such premises where "any person is engaged in conduct … [which] poses an imminent threat as

---

[1] Petitioner is also a named plaintiff in a class action filed in the United States District Court for the Southern District of New York, entitled Moon Rocket Inc. et, al. v. City of New York, No. 24-cv-4519, which also sought, inter alia, a preliminary injunction lifting the sealing order. The motion for a preliminary injunction was denied by the District Court (Moon Rocket Inc. v City of New York, 24-CV-4519 (JPO), 2024 WL 3454901; 2024 US Dist LEXIS 127969 [SDNY July 18, 2024]).

155907/2024 IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF Page 2 of 9
NEW YORK ET AL
Motion No. 001

[* 2] 2 of 9

described in subdivision four of section one hundred thirty-eight-b of the cannabis law… (Admin. Code §7-552[b][2]). An "imminent threat" is defined by Cannabis Law §138(b)(4) to include, as pertinent here, documented sales to minors and unlicensed processing of cannabis products at the premises (Cannabis Law §138-b[4][a][b]).

## FACTUAL BACKGROUND

On May 15, 2024, after conducting an inspection of petitioner's business at 200 West End Avenue, New York, New York, Sheriff Anthony Miranda issued petitioner a summons charging it with a violation of Administrative Code §7-551(a). The summons stated, in pertinent part, that "cannabis and cannabis marketed products were observed for sale without a valid retail license. Sealing order MN200westendavenue051524 was issued" (NYSCEF Doc. No. 11). As referenced in the summons, Sheriff Miranda also issued a sealing order closing petitioner's storefront for one year. This sealing order provided, in relevant part, that:

> The Office of the New York City Sheriff has determined that one or more direct or indirect sales of cannabis, cannabis products, and/or products marketed or labeled as cannabis, which may include offers of sale, are occurring within the above referenced address (the "subject premises") without the required registration, license, or permit issued by the New York State Office of Cannabis Management.
>
> ….
>
> It has been determined that such sales pose an imminent threat to public health, safety and welfare based on [the unlicensed processing of cannabis] or such sales have continued more than 10 calendar days after a civil summons and order to cease have been issued,"

(Id.).

Pursuant to Administrative Code §7-551(c), a hearing was held on the summons before OATH Hearing Officer Ross on May 22, 2024. At the beginning of the hearing, respondent mistakenly submitted evidence that was not related to Mao Shoppe. After realizing this error, respondent withdrew this evidence and submitted the relevant evidence (NYSCEF Doc. No. 1

155907/2024   IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF          Page 3 of 9
NEW YORK ET AL
Motion No.  001

3 of 9

[Petition at ¶¶ 19-20]). At the hearing, counsel for Mao Shoppe argued, principally, that service of the summons and sealing order was defective because "there was no evidence showing that the sealing order … was personally served on anyone, as required by New York City Administrative Code §7-552(b)(2) and Cannabis Law §138-(b)(2)" (Id. at ¶ 21]).

OATH Hearing Officer Kristina Ross subsequently issued a decision reading, in relevant part, as follows:

> [The City] provided an evidence packet with the following documents: Summons (Front and Back): Order of Closure; Order of Seizure and to Cease; Seizure Notice; NYPD Property Clerk's Invoices; Seizure Receipts; photographs taken during inspection; NYS Office of Cannabis Management Directory of Licensed Adult-Use Cannabis; DCWP summonses; table of authorities; and Memorandum of Law (Pet Ex 1-10).

> Mr. Goldberg argued [that Mao Shoppe] was selling cannabis without registration, license of permit in violation of the Cannabis Law and that continued operation was an imminent threat because [Mao Shoppe] was using the premises for processing cannabis. [The City's] evidence included photographs that depict the interior and exterior of the premises, and include photos of vials, residue of plant material, and a handwritten board listing prices of cannabis strains (Pet Ex. 6).

> Mr. Kirschner challenged service, stating that the three examples of service (personal delivery, posting at the premises, and mailing) were not demonstrated. I disagree. I credit the Inspector's statement in the affidavit, [The City's] photos, which show posting at the premises, and the mailing affidavit, which Mr. Goldberg provided at the hearing (Pet Ex. 11). Mr. Kirschner did not establish that the store employee did not assert apparent authority to accept the summons, or that there was no posting or mailing. I find service was adequate.

> Mr. Kirschner challenged the evidence failed to establish that the items were in fact cannabis. I find [The City] has established with the photos that the premises was clearly marketing cannabis, regardless of its provenance. Mr. Kirschner argued that Petitioner had not established that cannabis was processed on the premises to support the finding of an imminent threat. I find [the City] has established with photos that the premises were clearly marketing cannabis, regardless of its provenance. Mr. Kirschner argued that [the City] had not established that cannabis was processed on the premises to support the finding of an imminent threat. I find that [The City] has established that cannabis plant material was packaged or repackaged on the premises. I find that this constitutes processing under the definition provided in the statute.

155907/2024   IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 9

4 of 9

> I credit [the City's] evidence and find it sufficient to establish a violation as alleged. I find the Respondent was in violation on the cited date. I uphold the violation and impose statutory penalty as [the City] did not establish that the unlawful activity continued past the inspection date. The summons is sustained.
>
> As to the sealing order, I find [The City's] evidence of sales to a minor supports the imminent threat standard for a sealing order under Section 138-b of the Cannabis Law. I find that [the City] established its case for the sealing order, and I recommend that the sealing order stay in effect.
>
> OATH's decision regarding the SUMMONS is a final administrative determination and cannot be appealed at OATH or to the NYC Sheriff (See Administrative Code 7-552(b)(2)). OATH's recommendation regarding the SEALING ORDER is subject to a final determination by the NYC Sheriff within four business days after the conclusion of the hearing in this case. Respondent may contact the NYC Sheriff to make any submission with respect to the SEALING ORDER.

(NYSCEF Doc. No. 7 [OATH Decision] [emphasis added]).

In a "Final Decision on Order of Closure" dated May 28, 2024 (the "Final Sealing Order"), Sheriff Miranda adopted the "facts stated on the summons associated with the Immediate Order of Closure, as modified by the hearing officers' decision on the summons" and adopted the "recommended decision to the extent that it found the above referenced Immediate Order of Closure was properly issued" (NYSCEF Doc. No. 8).

Petitioner then commenced the instant special proceeding on June 26, 2024, arguing that OATH Hearing Officer Ross's decision was unlawful, arbitrary and capricious, and an abuse of discretion because her conclusion that respondents had established an imminent threat warranting the sealing of petitioner's business was based solely on material erroneously submitted by respondent, which related to a different store. Petitioner also contends that the OATH Hearing Officer should have recommended lifting the Sheriff's sealing order because service of that order was defective, inasmuch as there was no evidence that the initial sealing order was personally served on anyone associated with MAO's business as required by Administrative Code § 7-552(b)(2) and Cannabis Law § 138-b(2).

155907/2024   IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF                Page 5 of 9
NEW YORK ET AL
Motion No.  001

5 of 9

In opposition, respondents concede that OATH Hearing Officer Ross's assertion that petitioner sold marijuana to a minor is not supported by the record evidence, but argue that this error does not render the decision arbitrary and capricious because, even setting this error aside, OATH Hearing Officer Ross's conclusion that petitioner had been engaged in processing cannabis was supported by record evidence and provided independent support for her conclusion that an imminent threat under Cannabis Law §138-(b)(4) warranted sealing. Respondents also argue that proof that the summons was personally served on petitioner's employee at the subject premises establishes that the service requirements of Cannabis Law §138-(b)(2) were satisfied.

## DISCUSSION

The standard for judicial review of an administrative determination pursuant to CPLR Article 78 is limited to determining whether the agency acted arbitrarily or capriciously, i.e., without any sound basis in reason or regard to the facts (See Matter of Pell v Board of Educ., 34 NY2d 222, 231-232 [1974]). An agency's decision must be upheld where there is any rational basis in the record before the agency to support the disputed determination (See Matter of Guzman v Safir, 293 AD2d 281 [1st Dept 2002]). Applying this standard, the Court concludes that Officer Ross's determination that respondent had established an imminent harm under Cannabis Law 138-b(4) such that sealing was warranted was neither arbitrary nor capricious.

A careful review of the OATH decision reveals that Officer Ross concluded that marijuana processing was taking place on the premises such that sealing was appropriate under Cannabis Law §138-b(4). To wit, Officer Ross acknowledged petitioner's counsel's argument that there was no proof of cannabis processing to "support the finding of an imminent threat" (i.e., to establish a basis for sealing under Cannabis Law 138-b[4]), and went on to expressly reject this argument, concluding that the City had "established that cannabis plant material was packaged or repackaged

155907/2024   IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF NEW YORK ET AL
Motion No. 001
Page 6 of 9

6 of 9

on the premises … [which] constitutes processing under the definition provided in the statute." Accordingly, Officer Ross identified credible evidence in the record of an imminent threat under the statute to support her recommendation that the sealing order be continued, and the Court cannot say that this recommendation was arbitrary or capricious.

In light of the foregoing, Officer Ross's separate, incorrect, assertion that "evidence of sales to a minor supports the imminent threat standard for a sealing order under Section 138-b of the Cannabis Law" does not render her recommendation to continue the sealing of the premises arbitrary or capricious, as her conclusion that an imminent threat had been established had an independent basis in petitioner's processing of marijuana on the premises (See Matter of Kinderhook Equities Inc. v Simonsmeier, 267 AD2d 547, 549 [3d Dept 1999] [even assuming irrelevant evidence was introduced in combined Article 78 and declaratory judgment action, introduction of such evidence was not an error sufficiently prejudicial to warrant reversal, particularly where credible probative evidence introduced supported Supreme Court's decision]).

Neither was Officer Ross's conclusion that the sealing order was properly served arbitrary or capricious. Cannabis Law §138-(b)(2) requires that a sealing order must be served by delivery to the owner of the business or other person of suitable age or discretion in actual or apparent control of the premises at the time of the inspection and be posted at the building or premises that have been sealed. Petitioner argues that "there was no evidence showing personal delivery of the sealing order" but Officer Ross's decision indicates that she relied on the affidavit of service of Sheriff Miranda—attesting that the summons was personally served on petitioner's employee "Johnnier Mercedes," with the sealing order issued contemporaneously with that service[2]—in determining that these documents were served upon Johnnier Mercedes. In light of the foregoing,

---

[2] The Court notes that such contemporaneous service is required by law (See Admin. Code §7-552[b][2]).

**155907/2024 IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 7 of 9**

the Court concludes that there was a rational basis in the record for OATH Hearing Officer Ross's decision.

Finally, to the extent petitioner also challenges the propriety of the Final Sealing Order, the Court concludes that the issuance of this order was neither arbitrary nor capricious, as it was expressly based on the facts and conclusions set forth in OATH Hearing Officer Ross's decision (See e.g., Canonico v Kelly, 38 AD3d 444, 445 [1st Dept 2007] ["The Board of Trustees' decision to rely on the Medical Board's recommendations to deny "accidental" and approve "ordinary" disability retirement was neither arbitrary nor capricious"]).

In light of the foregoing, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this proceeding dismissed.

**ORDERED** that the branch of the petition seeking a preliminary injunction is denied as moot; and it is further

**ORDERED** that counsel for the respondents shall, within ten days from the date of this decision, order, and judgment, serve a copy of this decision, order, and judgment, with notice of entry, on petitioner, as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on

155907/2024   IN THE MATTER OF THE APPLICATION OF MAO SHOPPE CORP. vs. CITY OF NEW YORK ET AL
Motion No.  001
Page 8 of 9

8 of 9

Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

_____                          _____
9/17/2024                                               HON. JUDY H. KIM, J.S.C.
DATE

CHECK ONE:              [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION

                        [ ] GRANTED   [X] DENIED   [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:            [ ] SETTLE ORDER           [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE