Matter of Cheng v Caban (2026 NY Slip Op 01593)

Matter of Cheng v Caban

2026 NY Slip Op 01593

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 156281/24|Appeal No. 6127|Case No. 2025-01993|

[*1]In the Matter of Jackson Cheng, Petitioner-Respondent,
vEdward A. Caban, etc., et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for appellants.
Law Office of Timothy McEnaney, Port Washington (Timothy McEnaney of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 31, 2025, which granted the petition brought pursuant to CPLR article 78 to annul respondents' determination denying petitioner accidental disability retirement (ADR) benefits and ordered respondents to grant petitioner the ADR benefits, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.
Petitioner's application for ADR benefits was denied in a deadlocked vote, upon a finding that he was not in city-service at the time he was injured. The Board of Trustees rationally determined that because petitioner did not establish as a matter of law that his disability was caused by a service-related accident, he was not entitled to ADR benefits (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art.1-B Pension Fund, 90 NY2d 139, 145 [1997]; Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 46 AD3d 346, 347 [1st Dept 2007]). Evidence properly included in the record supported the Board's conclusion that petitioner was commuting to the precinct at the time of the automobile collision that injured him, and that he did not sustain his burden of showing that he was on duty at the time of that incident (see DiMartini v Sewell, 233 AD3d 435 [1st Dept 2024]; Evans v New York, 145 AD2d 361 [1st Dept 1988]). Further, the record shows that the Board had a rational basis for finding inadequate the evidence petitioner belatedly provided in support of his application. The Board noted that petitioner's initial line-of-duty report did not indicate that he was responding to a crime in progress at the time of the collision, and petitioner did not seek to amend the line-of-duty report until approximately two months later. The contemporaneous police report of his automobile collision also omitted any reference regarding petitioner responding to a crime in progress.
In addition, members of the Board expressed reasonable doubts as to the command log entry purportedly corroborating petitioner's account that he reported for duty before the automobile collision (see Danyi v Board of Trustees of New York City Employees' Retirement Sys., 176 AD2d 451, 451-452 [1st Dept 1991]). Petitioner belatedly attempted to bolster this entry with an unsworn statement of the desk sergeant, but the desk sergeant had no recollection of the entry and merely identified her handwriting. Further, she did not indicate when she made the entry, nor did she explain the illegible entry that was in a different handwriting on the same line. The Board also noted that petitioner, a high-ranking officer, failed to explain why he was called to report to a grand larceny automobile in progress when he was off duty.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026