In the Matter of ROBERT WALSH, Appellant, v NICHOLAS SCOPETTA, as Fire Commissioner of the City of New York and as Chairman of the Board of Trustees of the New York Fire Department, Article 1-B Pension Fund, et al., Respondents. [902 NYS2d 600]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus, to review a determination of the New York City Fire Department Article 1-B Pension Fund, dated April 21, 2008, denying the petitioner/plaintiff's application for accident disability retirement benefits pursuant to Administrative Code of the City of New York § 13-353 and to compel the New York City Fire Department Article 1-B Pension Fund to award the petitioner/plaintiff accident disability retirement, and action for, among other things, declaratory relief, the petitioner/plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Balter, J.), dated February 25, 2009, as denied those branches of the petition which were to annul the determination of the New York City Fire Department Article 1-B Pension Fund dated April 21, 2008, denying his application for accident disability retirement

benefits based on injuries sustained by him as a result of an assault against him which occurred on December 31, 2003, and to compel the New York City Fire Department Article 1-B Pension Fund to grant his application for accident disability retirement benefits, and dismissed the proceeding and the action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

CPLR article 78 relief in the form of mandamus to compel may be granted only where a petitioner establishes a clear legal right to the relief requested (*see Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006]). The New York City Fire Department Article 1-B Pension Fund is administered by a Board of Trustees pursuant to title 13 of the Administrative Code of the City of New York. A firefighter is entitled to accident disability retirement when he or she "is physically or mentally incapacitated for the performance of city-service, as a natural and proximate result of an accidental injury received in such city-service" (Administrative Code of City of New York § 13-353; *see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144 [1997]; *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1011 [1982]). A reviewing court may not set aside the Board of Trustees' denial of accidental disability retirement resulting from a tie vote "unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 145 [citation and internal quotation marks omitted]).

An "accident" for public pension purposes is a " ' "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" ' " (*Matter of Kehoe v City of New York*, 81 NY2d 815, 817 [1993], quoting *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art 11*, 57 NY2d at 1012). "It is the precipitating cause of the injury, rather than the job assignment at the time, that determines entitlement to accidental disability benefits" (*Matter of Hallihan v Ward*, 169 AD2d 542, 542 [1991]; *see Matter of McCambridge v McGuire*, 62 NY2d 563, 567 [1984]).

The parties do not dispute that the injuries sustained by the petitioner/plaintiff, Robert Walsh, resulted solely from the intentional act of a fellow firefighter, who intentionally struck Walsh on the head with a chair after the two exchanged heated words. As the fellow firefighter's conduct in striking Walsh did not occur by chance, the determination by the Board of Trust-

ees that the precipitating cause of Walsh's injuries was not fortuitous was rationally based and not arbitrary or capricious (*see Matter of D'Onofrio v New York City Employees' Retirement Sys.*, 270 AD2d 49 [2000]). Thus, the Supreme Court properly determined that it could not find as a matter of law that Walsh's disability was the natural and proximate result of a service-related accident (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 145). Accordingly, Walsh failed to establish that he had a clear legal right to an order compelling the New York City Fire Department Article 1-B Pension Fund to award him accident disability retirement based on the neurological injuries he sustained as a result of the fellow firefighter's conduct (*see Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d at 388).

Walsh's remaining contentions are without merit. Angiolillo, J.P., Balkin, Leventhal and Roman, JJ., concur.