[962 NE2d 771, 939 NYS2d 280]

In the Matter of ROBERT WALSH, Appellant, v NICHOLAS SCOPPETTA, as Fire Commissioner of the City of New York and as Chairman of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, et al., Respondents.

Argued November 14, 2011; decided December 20, 2011

**APPEARANCES OF COUNSEL**

*Ungaro & Cifuni*, New York City (*Nicholas G. Cifuni* and *Robert A. Ungaro* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Paul T. Rephen* and *Leonard Koerner* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

On New Year's Eve in 2003, petitioner Robert Walsh, a firefighter in the New York City Fire Department, got into a "loud and heated" argument with a fellow firefighter in the kitchen of the firehouse. Their dispute, fueled by the prohibited consumption of alcohol, escalated from mutual taunting and provocative insults to assault when the other firefighter hit petitioner over the head from behind with a metal chair, knocking him to the floor.

Petitioner suffered traumatic brain injuries in the New Year's Eve brawl in the firehouse. He was subsequently diagnosed with a postconcussional disorder, entailing "sensory nerve dysfunction on his face and leg, headaches, and memory, concentration and sleep disturbance." In May 2005, the Fire Commissioner filed an application for ordinary disability retirement on petitioner's behalf with the New York City Fire Department Pension Fund, which is administered by a Board of Trustees. In September 2007, petitioner filed for accidental disability retirement, which provides greater benefits than ordinary disability retirement. An applicant is eligible for accidental disability retirement when the Pension Fund's Medical Board determines and certifies to the Board of Trustees that

> "such member is physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service while a member, and that such disability was not the result of wilful negligence on the part of such member and that such member should be retired" (Administrative Code of City of NY § 13-353).

In March 2008, the Medical Board recommended to the Board of Trustees that petitioner be granted ordinary rather than accidental medical disability, and in April 2008, the Board deadlocked on the choice. As a result, petitioner's application for accidental disability retirement was denied, and he was

retired for ordinary disability instead (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144-145 [1997] [when the "Medical Board finds (a) firefighter disabled for performance of duty and the Board of Trustees becomes deadlocked . . . , and is thus unable to pass by majority vote a resolution retiring the firefighter for ordinary or accidental disability, by a time-honored procedural practice the application for accidental disability retirement is denied and the lesser ordinary disability benefits are awarded"]).

In August 2008, petitioner commenced this CPLR article 78 proceeding against respondent Fire Commissioner, the Pension Fund, the Board of Trustees and the City of New York (collectively, the City), seeking to annul the Board's determination denying him a line-of-duty accidental disability retirement. Supreme Court denied the petition, stating that it could not "find, as a matter of law, that petitioner's disability was the natural and proximate result of a service related accident and thus, finds that the Board of Trustees['] determination that petitioner's assault was not an accident was rationally based and was not arbitrary or capricious and, therefore, cannot be judicially disturbed." The Appellate Division affirmed (73 AD3d 1192 [2d Dept 2010]), as do we.

We may not set aside the Board of Trustees' denial of accidental retirement on the basis of a tie vote "[u]nless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]). That is plainly not the case here, where petitioner's injuries resulted solely from an altercation with a fellow firefighter rather than his performance of any job duties. Consequently, we need not consider and do not decide whether, or under what circumstances, injuries caused by the intentional act of a third party are accidental within the meaning of section 13-353 of the Administrative Code.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.