Matter of Amar v New York City Empls.' Retirement Sys. (2020 NY Slip Op 06229)





Matter of Amar v New York City Empls.' Retirement Sys.


2020 NY Slip Op 06229


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 101751/18 Appeal No. 12254 Case No. 2019-4618 

[*1]In re Mariama Amar, Petitioner-Appellant,
v
New York City Employees' Retirement System, Respondent-Respondent.


Mariama Amar, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about April 24, 2019, denying the petition to annul respondent's determination, issued on or about September 27, 2018, which denied petitioner's request for accidental disability retirement, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The denial of petitioner's application for accidental disability retirement is not arbitrary and capricious, but is based on credible evidence in the record (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]). The finding that petitioner was neither physically nor mentally incapacitated is based on her medical and mental health records, the independent psychiatric examination, and her interview before respondent's Medical Board (see Retirement & Social Security Law § 605[c]; Matter of DeMeo v Teachers Retirement Sys. of the City of N.Y., 180 AD3d 560 [1st Dept 2020]; Matter of Dominguez v O'Neill, 179 AD3d 574, 574 [1st Dept 2020]). There is no contemporaneous evidence showing the circumstances of a physical assault on petitioner by her coworker, as described by petitioner during the administrative proceeding, on the date she asserted in her application (see e.g. Matter of Canonico v Kelly, 38 AD3d 444, 445 [1st Dept 2007]). In any event, the physical and psychological injuries caused by the physical assault did not result from an accident or arise from the performance of petitioner's duties (see Retirement & Social Security Law § 605[b][3]; Matter of Walsh v Scopetta, 73 AD3d 1192, 1193-1194 [2d Dept 2010], affd 18 NY3d 850 [2011]; see generally Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]).
Petitioner's argument that she was deprived of due process is belied by the record showing that she was given an adequate opportunity to present her case before respondent (see Matter of Calzerano v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 245 AD2d 84, 85 [1st Dept 1997]).
We have considered petitioner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020