Matter of Lanni v New York City Employees' Retirement Sys. (2020 NY Slip Op 07197)





Matter of Lanni v New York City Employees' Retirement Sys.


2020 NY Slip Op 07197


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-00464
 (Index No. 512533/17)

[*1]In the Matter of Louis Lanni, respondent, 
v
New York City Employees' Retirement System, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing, Jonathan Popolow, and Claude S. Platton of counsel), for appellants.
Seelig Law Offices, LLC, New York, NY (Philip H. Seelig of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated March 10, 2017, denying the petitioner's application for accidental disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 27, 2017. The judgment granted the petition to the extent of, in effect, annulling the determination and remitting the matter to the New York City Employees' Retirement System for further proceedings.
ORDERED that the judgment is affirmed, with costs.
On May 9, 2015, the petitioner allegedly injured his right knee, left hip, and back while working as a Sanitation General Superintendent, Deputy Chief, with the New York City Department of Sanitation. On February 26, 2016, the petitioner applied to the New York City Employees' Retirement System (hereinafter NYCERS) for accidental disability retirement (hereinafter ADR) benefits under Retirement and Social Security Law § 605-b. The Medical Board of the NYCERS (hereinafter the Medical Board) evaluated the petitioner and reviewed medical records and determined that, although the petitioner was disabled due to his right knee injury, the incident that caused the petitioner's injuries was not an accident. The Medical Board recommended that the petitioner be denied ADR benefits and be granted an ordinary disability retirement. On March 10, 2017, the Board of Trustees of the NYCERS (hereinafter the Board of Trustees) adopted the recommendation of the Medical Board and denied the petitioner's application for ADR benefits.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees. In the judgment appealed from, the Supreme Court, finding that the petitioner's injury was caused by an accident, granted the petition to the extent that the determination was, in effect, annulled and the matter was remitted to the NYCERS to process the petitioner's application consistent with the court's determination. The NYCERS, the Board of Trustees, the Medical Board, and the City of New York appeal.
A Department of Sanitation worker who "is determined by NYCERS to be physically or mentally incapacitated for the performance of duty as the natural and proximate result of an [*2]accident, not caused by his or her own willful negligence, sustained in the performance of such uniformed sanitation service . . . shall be retired for accidental disability" (Retirement and Social Security Law § 605-b[b][1]). An accident is a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [internal quotation marks omitted]; see Matter of Walsh v Scopetta, 73 AD3d 1192, 1193, affd 18 NY3d 850). However, not every injury that occurs while a worker is performing his or her ordinary duties will support an award of ADR benefits. "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties . . . is not an accidental injury" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d at 1011-1012; see Matter of McCambridge v McGuire, 62 NY2d 563, 568).
Here, the petitioner's account of the incident underlying his application was that he tripped and fell due to stepping on a loose and broken sidewalk outside the refuse-strewn lot he was photographing. This was not a risk of his ordinary employment duties, but rather a sudden, fortuitous, and unexpected precipitating event (see Matter of McCambridge v McGuire, 62 NY2d at 568; Matter of Walsh v Scopetta, 73 AD3d at 1193-1194; Matter of Leary v New York City Employees' Retirement Sys., 59 AD3d 547, 549). Moreover, in light of the unrefuted credible evidence regarding the petitioner's ordinary employment duties, the challenged determination was made without sound basis in regard to the facts, and thus, the determination was arbitrary and capricious (see Matter of Shapiro v Planning Bd. of the Town of Ramapo, 155 AD3d 741, 743).
Accordingly, we agree with the Supreme Court's determination granting the petition to the extent of, in effect, annulling the determination and remitting the matter for further proceedings.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court