Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y. (2024 NY Slip Op 02840)

Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y.

2024 NY Slip Op 02840 [42 NY3d 315]

May 23, 2024

Cannataro, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 27, 2024

[*1]

In the Matter of Michele Rawlins, Appellant,
v
Teachers' Retirement System of the City of New York et al., Respondents.

Argued April 16, 2024; decided May 23, 2024

Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y., 205 AD3d 629, affirmed.

{**42 NY3d at 317} OPINION OF THE COURT

Cannataro, J.

Petitioner Michele Rawlins, a member of the respondent Teachers' Retirement System of the City of New York (TRS) and former school principal, commenced this CPLR article 78 proceeding to annul the determination of the TRS Medical Board that she is entitled to ordinary disability retirement benefits but not accidental disability retirement benefits (ADR). We hold that substantial evidence supports the Board's determination that petitioner's injury was not caused by an "accident" within the meaning of the statutory scheme. In reaching this conclusion, we decline to adopt a rule that "purposeful conduct by coworkers" can never be the basis for an award of ADR. When a member's disability is alleged to have resulted from the intentional acts of any third party, the relevant question continues to be whether the injury-causing event was sudden, unexpected, and outside the risks inherent in the work performed.
I.
Petitioner was diagnosed with post-traumatic stress disorder (PTSD) and became unable to perform her job responsibilities following a series of incidents at her former school in which a disgruntled food-service worker left her feeling threatened and harassed. The last such incident occurred in April 2019, when the worker entered the school [*2]after having been transferred to another work location and demanded to speak with petitioner, insisting that she had his "belt and wallet." Petitioner, who overheard this encounter from a nearby room, believed the worker's remarks had "sexual overtones" and felt she was being stalked. She fled the school building and never returned to work following the incident.
The Board denied petitioner's initial application for ADR on the ground that she "did not sustain an accident in the work {**42 NY3d at 318}setting." It based this determination on petitioner's description of the events in question, which occurred over the course of at least three months in early 2019. Petitioner subsequently reapplied for ADR and the Board adhered to its prior determination that no qualifying accident occurred, this time adding that "[p]urposeful conduct by coworkers giving rise to a disabling injury is not an accident within the meaning of the pension statute."
Petitioner commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court denied the petition and dismissed the proceeding, holding that the Board's determination had a rational basis and noting that "New York courts have held that intentional harassment or assault by a coworker does not constitute a service-related accident" (2021 NY Slip Op 34134[U], *2 [Sup Ct, NY County 2021]). The Appellate Division affirmed, reasoning that the Board "rationally found that petitioner's injuries resulted not from an accident in the work setting but from '[p]urposeful conduct' by a former coworker, which 'is not an accident within the meaning of the pension statute' " (205 AD3d 629, 630 [1st Dept 2022]). We granted leave to appeal (39 NY3d 914 [2023]) and now affirm.
II.
To qualify for ADR, a TRS member must show that their disability resulted from an "accident" sustained in the performance of their duties (see Retirement and Social Security Law § 605 [f]; Administrative Code of City of NY § 13-551). Because the term "accident" is not defined by any applicable statute or regulation, this Court has "adopt[ed] the commonsense definition of a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1st Dept 1958], affd 7 NY2d 222 [1959]). Stated differently, an accident is "a sudden, unexpected event that was not a risk inherent in the work performed" (Matter of Kowal v DiNapoli, 30 NY3d 1124, 1125 [2018]; Matter of Kelly v DiNapoli, 30 NY3d 674, 678, 682, 684-685 [2018]). The Medical Board determines in the first instance whether a TRS member suffers from a disability resulting from a service-related accident (see Retirement and Social Security Law § 605 [f]; Administrative Code of City of NY §§ 13-519, 13-550 [a]; 13-551). On article 78 {**42 NY3d at 319}review, the Board's determination to deny ADR generally will not be disturbed if it is based on substantial evidence; that is, if it is rationally supported by the record viewed as a whole (see Kelly, 30 NY3d at 684; Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761 [1996]).
Initially, we disagree with the Appellate Division that the Board's determination can be upheld simply because the accident alleged in this case was caused by the purposeful acts of a coworker (see 205 AD3d at 630). We have so far left open the possibility that injuries caused by the intentional acts of a third party might in some cases satisfy the requirements for ADR, and continue to do so today (see Matter of Walsh v Scoppetta, 18 NY3d 850, 852 [2011]; see also Matter of McCambridge v McGuire, 62 NY2d 563, 567 [1984] [the focus of the inquiry is on "the precipitating cause of injury"]; Arthur A. Johnson Corp., 6 AD2d at 100 [observing that "an act, deliberate from the point of view of its initiator, may be considered an accident if seen through the eyes of its victim"]). Indeed, respondents do not urge us to hold that ADR is unavailable as a matter of law when an injury is caused by a coworker's purposeful acts; they instead posit that the Board is permitted to evaluate the underlying facts and circumstances in such a case and "find that the event was unpredictable, sudden, and fortuitous, and also clearly beyond the scope of the duties of the member's job." That measured approach parallels our analysis in Kowal, in which we sustained the denial of ADR to a court security officer who was injured when an assailant armed with 40 shotgun shells began to fire indiscriminately into a crowded courthouse lobby. Rather than rely on the assailant's obvious intent to kill or grievously injure, we reasoned that the officer "failed to establish that his injuries were caused by a sudden, unexpected event that was not a risk inherent in the work performed" (30 NY3d at 1125).
Here, similarly, the record supports the Board's determination that petitioner's injuries did not result from an event that was sudden, fortuitous, and unexpected (see id.; Kelly, 30 NY3d at 678; Lichtenstein, 57 NY2d at 1012; see also Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 46 AD3d 346, 348-349 [1st Dept 2007]; Matter of Pisani v Kelly, 30 AD3d 297, 298 [1st Dept 2006]; Matter of Sinopoli v McCall, 245 AD2d 868, 869 [3d Dept 1997], lv denied 92 NY2d 803 [1998], rearg denied 92 NY2d 921 [1998];{**42 NY3d at 320} Matter of Impellizeri v Teachers' Retirement Sys. of City of N.Y., 173 AD2d 389, 390 [1st Dept 1991], lv denied 78 NY2d 859 [1991]). Although petitioner claims that her PTSD was brought on by the April 2019 occurrence, that event was merely the latest of a series of incidents in which the food-service [*3]worker trespassed on school property and acted in a confrontational manner toward petitioner, causing her significant stress and anxiety. As early as February 2019, petitioner informed school officials that the employee was continuously disobeying instructions to keep away from the school and that she was "concerned about the students and the building staff that have to endure his confrontational behavior." Following another incident in March, petitioner wrote that she "d[id] not feel comfortable with [the employee] given his behavior in the school." The Board rejected petitioner's initial ADR application on the ground that "based on the description of the incidents in question that occurred in the work setting on April 18, 2019, as well as the previous events in the work setting in February and March of 2019, [petitioner] has failed to demonstrate that an accident occurred in the work setting." Because that reasoning is supported by the evidentiary record, the Board's determination to deny ADR will not be disturbed on this appeal.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Troutman and Halligan concur.
Order affirmed, with costs.