Matter of Compagnone v DiNapoli (2024 NY Slip Op 06235)

Matter of Compagnone v DiNapoli

2024 NY Slip Op 06235

Decided on December 12, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 12, 2024

No. 106

[*1]In the Matter of Franco Compagnone, Appellant,
v
Thomas P. DiNapoli, & c., Respondent.

Warren J. Roth, for appellant. 
Dustin J. Brockner, for respondent.

MEMORANDUM:
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner, a former police officer, was injured when, on routine patrol, he fell into
a hole in the ground in an unlit area at night while investigating a suspicious light from within a vacant house that was under construction. He then applied for accidental disability retirement (ADR) benefits (see Retirement and Social Security Law § 363). During the ensuing hearing, petitioner testified that at the time of the incident, he was assigned to patrol the midnight shift, and his job duties included "looking for any suspicious parties." A hearing exhibit described the duties of the patrol division of petitioner's department as including "[p]rotection of persons and property," "[g]eneral crime prevention," and "[p]reliminary investigations of crime." Petitioner testified that he fell into the hole while walking alongside the house. He further testified that the hole had been dug for a sewer line, and that he knew at the time that the house was under construction. Respondent denied petitioner's application, as relevant here, on the ground that the incident was not an "accident" under Retirement and Social Security Law § 363 because it resulted from a risk inherent in petitioner's job.
Substantial evidence supports respondent's determination (see Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y., 42 NY3d 315, 318-319 [2024]). As our caselaw makes clear, an incident caused by "a risk inherent in the petitioner's regular [job] duties" is not an accident for purposes of ADR benefits (Matter of Kelly v DiNapoli, 30 NY3d 674, 683 [2018] [brackets omitted], quoting Matter of Hambel v Regan, 174 AD2d 891, 892-893 [*2][3d Dept 1991], affd for reasons stated below 78 NY2d 1092 [1991]). In determining whether an accident occurred, respondent appropriately considered whether, at the time of the incident, petitioner was "acting within the scope of [his] 'ordinary employment duties, considered in view of [his] particular employment,' " and whether the incident was caused by "an inherent risk of [those] regular duties" (id. at 684, quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). On this record, respondent "reasonabl[y] and plausibl[y]" determined that petitioner's risk of being injured by an unseen hazard while investigating a potential crime in the dark was inherent in his ordinary job duties as a patrol officer (id., quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]).
Judgment affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 12, 2024