Matter of Bodenmiller v DiNapoli (2024 NY Slip Op 06234)

Matter of Bodenmiller v DiNapoli

2024 NY Slip Op 06234

Decided on December 12, 2024

Court of Appeals

Halligan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 12, 2024

No. 105

[*1]In the Matter of Robert W. Bodenmiller, Appellant,
v
Thomas P. DiNapoli, & c., Respondent.

Wayne J. Schaefer, for appellant. 
Frederick A. Brodie, for respondent. 

HALLIGAN, J.

:
Petitioner, a former police officer, commenced this article 78 proceeding to annul the Comptroller's determination denying him accidental disability retirement (ADR) benefits. Substantial evidence supports the Comptroller's conclusion that petitioner could or should have reasonably anticipated the event which caused his injury and the determination that the injury therefore was not the result of an "accident" for purposes of ADR benefits (see Retirement and Social Security Law § 363). Accordingly, we affirm.
Petitioner was on desk duty, sitting in his rolling desk chair at work, when one of the wheels of his chair got caught in one of two ruts in the floor. As the chair tipped backwards, petitioner grabbed his desk to prevent a fall and injured his shoulder and neck in the process. He then applied for ADR benefits.
The Comptroller denied petitioner's application. At a hearing, petitioner testified that he had worked desk duty at the precinct where the incident occurred for months leading up to his injury; that he got up from and back into the chair at least five times over the course of six hours on the day of the injury; and that at the time of the incident he was aware of the ruts in the floor, that the ruts were at least three inches wide, and that the ruts were beneath his chair when he was seated. Photographs of the floor included in the record documented its condition. The Comptroller concluded, as relevant here, that petitioner could have reasonably anticipated the hazard of the chair catching in the [*2]floor, and that the event therefore was not accidental.
Petitioner commenced this CPLR article 78 proceeding to challenge that determination. Upon transfer, the Appellate Division confirmed the determination and dismissed the proceeding (215 AD3d 96 [3d Dept 2023]). An event is not an accident, the Court explained, if one "could or should have reasonably anticipated the precipitating event" (id. at 99 [internal quotation marks omitted]). Applying that test, the Appellate Division concluded that substantial evidence supported the Comptroller's determination "that petitioner could have reasonably anticipated" the event that caused his injury (id. at 101).
One Justice dissented, opining that the "reasonably anticipated" standard is inconsistent with this Court's decision in Matter of Kelly v DiNapoli (30 NY3d 674 [2018]), and that the tipping of the chair "was the type of sudden, unexpected event that should as a matter of commonsense be deemed an accident" (215 AD3d at 104 [Lynch, J.P., dissenting]). The Appellate Division granted petitioner leave to appeal (2023 NY Slip Op 74040[U] [3d Dept 2023]).
On article 78 review, the Comptroller's "determination to deny ADR [benefits] generally will not be disturbed if it is based on substantial evidence; that is, if it is rationally supported by the record viewed as a whole" (Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y., 42 NY3d 315, 318-319 [2024]; see also Kelly, 30 NY3d at 684 ["The standard is not an exacting one; it is less than a preponderance of the evidence (and) . . . demands only that a given inference is reasonable and plausible, not necessarily the most probable"] [internal quotation marks omitted]). Applying that standard, we affirm.
Retirement and Social Security Law § 363 (a) (1) provides that ADR benefits are available to a member of the police and firefighter's retirement system who becomes "[p]hysically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by [the member's] own willful negligence sustained in such service . . . ." At issue here is whether the precipitating event that caused petitioner's injury was an "accident" for purposes of this provision. The term is not defined by statute or regulation, but more than four decades ago this Court "adopt[ed] the commonsense definition of a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1st Dept 1958], affd 7 NY2d 222 [1959]).
An event which is "a risk inherent" in the work performed is not an "accident" for purposes of ADR benefits (Kelly, 30 NY3d at 683; see generally Matter of Compagnone v DiNapoli, — NY3d — [2024] [decided today]). Further, an event that is not a risk inherent in one's job must be a "sudden, unexpected" occurrence in order to amount to an "accident" (Kelly, 30 NY3d at 678). We held in Matter of Rizzo v DiNapoli that a known danger cannot be the cause of a compensable accident, but we left open whether an event that could or should have reasonably been anticipated by the claimant can result in an accident for purposes of section 363 (see 39 NY3d 991, 992 [2022]). We answer that question today.
We hold that a precipitating event that could or should have reasonably been anticipated by a person in the claimant's circumstances is not an "accident" for purposes of ADR benefits. It is well established that "an injury which occurs without an unexpected event . . . is not an accidental injury" for purposes of section 363 (Lichtenstein, 57 NY2d at 1012). The unexpected nature of the precipitating event is key to this definition. Because an occurrence is not "unexpected" if a person should "reasonably anticipate" that it will happen, an injury that results from a "reasonably anticipated event" is not an "accident." This objective standard is consistent with the precedent that informed our test in Lichtenstein (see id.). Those cases define an accident as an "unforeseen, unexpected" event (Lewis v Ocean Acc. & Guar. Corp., Ltd., of London, England, 224 NY 18, 21 [1918]), that occurs "without one's foresight or expectation" (Berkowitz v New York Life Ins. Co., 256 App Div 324, 326 [1st Dept 1939] [internal quotation marks omitted]; see also United States Mut. Accident Assn. v Barry, 131 US 100, 121 [1889] [explaining that an injury results from "accidental means . . . if, in the act which precedes the injury, something unforeseen, unexpected, unusual, occurs which produces the injury"]).
This standard is also consistent with our remark in Kelly that a petitioner need not "demonstrate that a condition was not readily observable in order to demonstrate an 'accident' " (30 NY3d at 685 n 3). But evidence that shows a hazardous condition was readily observable may inform whether the incident could or should have reasonably been anticipated. Here, for example, respondent properly considered that the ruts beneath the desk chair were readily observable in assessing whether a person in petitioner's shoes could or should have reasonably anticipated that those ruts would cause the chair to tip.
Applying this standard, we conclude that substantial evidence supports the Comptroller's determination that petitioner could or should have reasonably anticipated the near-fall from his desk chair. The Comptroller noted the photos documenting the condition of the precinct floor, as well as petitioner's hearing testimony about how long he had worked desk duty, how many times he had gotten into and out of the chair that day, and his familiarity with the ruts in the floor and their location underneath his chair. This evidence adequately supports the Comptroller's conclusion that the event "reasonably should have been anticipated," and that the incident therefore was not an accident.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Judgment affirmed, with costs. Opinion by Judge Halligan. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Troutman concur.
Decided December 12, 2024