Matter of Hendrick v Sewell (2025 NY Slip Op 01316)

Matter of Hendrick v Sewell

2025 NY Slip Op 01316

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 152569/22|Appeal No. 3854|Case No. 2024-02260|

[*1]In the Matter of Tyler Hendrick, Petitioner-Appellant,
v
Keechant Sewell, et al., Respondents-Respondents.

Chet Lukaszewski, P.C., Mineola (Chester Lukaszewski of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 12, 2024, denying the petition to annul respondents' determination which denied accidental disability retirement benefits (ADR), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination of respondent Board of Trustees of the Police Pension Fund denying ADR benefits was supported by credible evidence (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997]). Petitioner was injured when he slipped on ice cubes while getting into a police SUV after responding to a 911 call. In support of his application for ADR benefits, petitioner submitted photographs of the scene of the incident that were taken 20 to 30 minutes afterwards. The photographs show clearly visible ice clumps in front of and under the police vehicle, which the Trustees reasonably concluded were open and obvious (see Matter of McCambridge v McGuire, 62 NY2d 563, 567-568 [1984]).
Additionally, the Trustees appropriately considered whether petitioner was acting within the scope of his ordinary employment duties and whether the incident was an inherent risk of those regular duties (see Matter of Compagnone v DiNapoli,NY3d ,2024 NY Slip Op 06235, *2 [2024]). It is an inherent risk of petitioner's regular job duties to encounter debris on the sidewalk and roadway while responding to a 911 call.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025