Matter of Gunderson v New York City Employees' Retirement Sys. (2025 NY Slip Op 05084)

Matter of Gunderson v New York City Employees' Retirement Sys.

2025 NY Slip Op 05084

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-08825
 (Index No. 527284/23)

[*1]In the Matter of Edward Gunderson, appellant,
v
New York City Employees' Retirement System, et al., respondents.

Seelig Law Offices, LLC, New York, NY (Philip H. Seelig and Joshua Gohari of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jeremy W. Shweder and Chase Henry Mechanick of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated June 8, 2023, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Anne J. Swern, J.), dated May 30, 2024. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Trustees of the New York City Employees' Retirement System for further proceedings consistent herewith.
On April 6, 2020, the petitioner, an employee of the New York City Department of Sanitation, was walking inside the sanitation garage to which he was assigned when he slipped on a loose vinyl floor tile and fell on his left shoulder. The petitioner underwent three surgeries to his left shoulder, which did not significantly improve his condition. The petitioner applied to the respondent New York City Employees' Retirement System (hereinafter NYCERS), inter alia, for accidental disability retirement (hereinafter ADR) benefits under Retirement and Social Security Law § 605-b.
The Medical Board of NYCERS (hereinafter the Medical Board) determined that the petitioner was disabled due to internal derangement of his left shoulder and found that his fall on April 6, 2020, was the competent causal factor of his disability. However, the Medical Board found that the petitioner's fall was not an accident and, thus, recommended that he be denied ADR benefits. The Board of Trustees of NYCERS (hereinafter the Board of Trustees) adopted the recommendation of the Medical Board and denied the petitioner's application for ADR benefits.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees. In a judgment dated May 30, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"A Department of Sanitation worker who 'is determined by NYCERS to be physically or mentally incapacitated for the performance of duty as the natural and proximate result of an accident, not caused by his or her own willful negligence, sustained in the performance of such uniformed sanitation service . . . shall be retired for accidental disability'" (Matter of Lanni v New York City Employees' Retirement Sys., 189 AD3d 841, 842, quoting Retirement and Social Security Law § 605-b[b][1]). An "accident" has been defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012; see Matter of Bodenmiller v DiNapoli, 43 NY3d 43, 46). "[A] precipitating event that could or should have reasonably been anticipated by a person in the claimant's circumstances is not an 'accident' for purposes of ADR benefits" (Matter of Bodenmiller v DiNapoli, 43 NY3d at 46-47).
Here, while the petitioner was aware before the day of his fall that the floor was in disrepair, there is insufficient record support for a conclusion that the petitioner was aware of the particular hazard that caused his fall, i.e., that the vinyl floor tiles might shift under his weight (cf. id. at 47). Under the circumstances, there was no rational, nonspeculative basis for the conclusion of the Medical Board and the Board of Trustees that the petitioner should have reasonably anticipated the precipitating event and, thus, that it was not an accident (see Matter of Lanni v New York City Employees' Retirement Sys., 189 AD3d at 842; Matter of Leary v New York City Employees' Retirement Sys., 59 AD3d 547, 549). Accordingly, since the determination of the Board of Trustees denying the petitioner's application for ADR benefits was arbitrary and capricious, we grant the petition, annul the determination, and remit the matter to the Board of Trustees for further proceedings consistent herewith.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court