Matter of Jones v New York City Employees' Retirement Sys.
2026 NY Slip Op 03674
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Dellwood Jones, appellant,
v
New York City Employees' Retirement System, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-09339, (Index No. 520531/21)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Seelig Law Offices, LLC, New York, NY (Philip H. Seelig of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (MacKenzie Fillow and Karin Wolfe of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated August 12, 2021, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 7, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was employed as a sanitation worker by the New York City Department of Sanitation (hereinafter DSNY). In 2015, the petitioner was involved in an on-the-job motor vehicle accident, which caused him to suffer injuries to his neck and back. In December 2017, the petitioner allegedly was injured while performing his duties at a DSNY garage when he stepped backwards into an uncovered drain, causing him to trip and fall.
In March 2019, the petitioner applied to the New York City Employees' Retirement System (hereinafter NYCERS) for ordinary disability retirement benefits under Retirement and Social Security Law § 605 and for accidental disability retirement (hereinafter ADR) benefits under Retirement and Social Security Law § 605-b, alleging that he was permanently incapacitated as a result of the 2017 accident. In September 2019, the Medical Board of NYCERS (hereinafter the Medical Board) interviewed and examined the petitioner, reviewed medical records, and determined that the incident in 2017 was not an "accident" for the purposes of ADR benefits. The Medical Board determined that the petitioner had significant loss of range of motion due to injury to the cervical spine but deferred recommendation as to causation of that injury pending receipt of certain medical records. In November 2019, upon receipt of the additional medical records, the Medical Board determined that the petitioner's injury was not caused or exacerbated by the 2017 incident. It recommended that the petitioner's application for ADR benefits be denied but that the application for ordinary disability retirement benefits be approved. Thereafter, the petitioner submitted additional medical records to the Medical Board, which, in October 2020, reexamined the petitioner and affirmed its earlier determinations. In a determination dated August 12, 2021, the Board of Trustees of NYCERS (hereinafter the Board of Trustees) adopted the Medical Board's determination [*2]and denied the petitioner's application for ADR benefits.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees. In a judgment dated October 7, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In a proceeding pursuant to CPLR article 78, "[a] determination to deny ADR benefits generally will not be disturbed if it is based on substantial evidence; that is, if it is rationally supported by the record viewed as a whole" (Matter of Bodenmiller v DiNapoli, 43 NY3d 43, 46 [alteration and internal quotation marks omitted]; see Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y., 42 NY3d 315, 318-319). "A New York City uniformed sanitation member who . . . is determined by NYCERS to be physically or mentally incapacitated for the performance of duty as the natural and proximate result of an accident, not caused by his or her own willful negligence, sustained in the performance of such uniformed sanitation service . . . shall be retired for accidental disability" (Retirement and Social Security Law § 605-b[b][1]). An "accident" for the purpose of ADR benefits means "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Bodenmiller v DiNapoli, 43 NY3d at 46 [internal quotation marks omitted]; see Matter of Gunderson v New York City Employees' Retirement Sys., 241 AD3d 1565, 1566; Matter of Lanni v New York City Employees' Retirement Sys., 189 AD3d 841, 842). "[A] precipitating event that could or should have reasonably been anticipated by a person in the claimant's circumstances is not an 'accident' for purposes of ADR benefits" (Matter of Bodenmiller v DiNapoli, 43 NY3d at 46-47). "[E]vidence that shows a hazardous condition was readily observable may inform whether the incident could or should have reasonably been anticipated" (id. at 47 [emphasis omitted]). Here, substantial evidence supports the Medical Board's determination that the 2017 incident reasonably could have been anticipated and that the incident therefore was not an accident for the purpose of ADR benefits (see id.; Matter of McCartan v Shea, 211 AD3d 534, 535).
Further, "[a]n applicant for [ADR] benefits has the burden of establishing that a disability is causally connected to a performance of duty accident" (Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d 882, 882; see Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d 715, 716). "A line-of-duty accident is considered the natural and proximate cause of a petitioner's disability if the accident either precipitated the development of a latent condition or aggravated a preexisting condition" (Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d at 716 [internal quotation marks omitted]; see Matter of Tobin v Steisel, 64 NY2d 254, 259). Here, the Medical Board's determination that the petitioner's disability was caused by the 2015 motor vehicle accident and that the subsequent medical records did not establish that the 2017 incident had aggravated this preexisting condition was based on substantial evidence. The Board of Trustees's decision to adopt the determinations of the Medical Board was therefore not arbitrary and capricious (see Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046, 1046; Matter of Drummond v New York City Employees' Retirement Sys., 98 AD3d 1116, 1117-1118). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court