In the Matter of GREGORY HOPP, Respondent, v RAYMOND KELLY et al., Appellants. [772 NYS2d 31]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 17, 2002, which granted the CPLR article 78 petition, annulled respondents' determination denying him accident disability retirement (ADR) benefits, and remanded the proceeding back to appellants for further reconsideration, unanimously reversed, on the law, without costs, the petition denied and respondents' determination reinstated and confirmed.

"Not every line of duty injury will result in an award of accident disability" (*Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568 [1984]). To prevail in this matter, petitioner Hopp had to demonstrate that the incident giving rise to this proceeding was an "accident" within the meaning of section 13-252 of the Administrative Code of the City of New York. An injury is accidental if it occurs as the result of an unexpected event, rather than as the result of activities undertaken in the performance of ordinary employment duties (*see Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012 [1982]). Therefore, to annul the challenged determination by the Board of Trustees, it had to be established that there was no credible evidence to support the Board's rejection of petitioner's claim for ADR benefits, and that his injuries arose out of a sudden, fortuitous event which is out of the ordinary and injurious in impact (*see Matter of Starnella v Bratton*, 92 NY2d 836, 838 [1998]; *Lichtenstein, supra*).

Petitioner has failed to meet this burden, because the claimed incident does not constitute a sudden mischance over which he had no control. Even if the property room was in a littered state with equipment scattered haphazardly around the room, there is no evidence suggesting that petitioner was unaware of this condition. By his own admission, instead of rearranging the unstable speakers to gain easier access to those he was sent to retrieve, he created, or at the very least, exacerbated the danger of a sudden misstep by standing atop the set of unstable speakers. Accordingly, as a matter of law, petitioner's injuries were not caused by an accident as that term is used in the Adminis-

trative Code provision applicable to accident disability benefits (*see Matter of Rosenthal v Board of Trustees*, 252 AD2d 388 [1998], *lv denied* 93 NY2d 801 [1999]). Concur—Tom, J.P., Mazzarelli, Saxe and Marlow, JJ.