■ In the Matter of GARY C. WEISENSEL, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [778 NYS2d 787]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a firefighter, was injured when the cardboard box upon which he had been standing in order to reach a shelf in the storeroom of his fire station collapsed. After successfully applying for ordinary disability retirement benefits, his application for accidental disability retirement benefits was disapproved on the ground that his injury did not result from an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, petitioner's application was similarly denied by a Hearing Officer, whose findings were adopted by respondent. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. "An injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997] [citation omitted]; *see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y.*, 57 NY2d 1010, 1012 [1982]; *Matter of Woodward v McCall*, 300 AD2d 978, 979 [2002]). At the hearing, petitioner testified that he had moved the cardboard box, which contained rolls of toilet tissue, over to the storeroom shelves in order to reach some smoke detectors located on the highest shelf. Petitioner admitted that the box's intended purpose was to store toilet tissue, not to be used as a step stool, but stated that it was "standard procedure" to stand on it when retrieving items from the highest storeroom shelves. He acknowledged that the box probably had not been full and that an "empty space" in the box had likely caused it to collapse under his weight.

In our view, petitioner's testimony provides substantial evidence supporting respondent's determination that there was nothing fortuitous or unexpected about the events precipitating petitioner's injury in the course of his ordinary employment duties that would require a finding that he was entitled to accidental disability retirement benefits. Rather, the collapse of an ordinary cardboard box was the normal and foreseeable result of petitioner's weight upon it (*see Matter of Hopp v Kelly*, 4 AD3d 176, 176-177 [2004]). Therefore, we see no reason to disturb respondent's determination. Petitioner's remaining contentions have been examined and are rejected as lacking in merit.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.