Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered November 26, 2012, to the extent appealed from as limited by the briefs, annulling the determination of respondent Board of Trustees, dated November 9, 2011, which denied petitioner’s application for accidental disability retirement benefits, and remanding the matter for a determination awarding petitioner accidental disability retirement benefits, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CFLR article 78 dismissed.
The article 78 court incorrectly found that petitioner was entitled to the presumption of General Municipal Law § 207-p, thereby improperly shifting the burden of proof as to causation to respondents. General Municipal Law § 207-p provides, in pertinent part, that “any paid member of a . . . police department . . . who successfully passed a physical examination upon entry into the service of such department who contracts HI\( tuberculosis or hepatitis, will be presumed to have contracted such disease as a natural or proximate result of an accidental injury received in the performance and discharge of his or her duties . . . , unless the contrary be provided by competent evidence” (parenthetical omitted). Fetitioner does not suffer from *620 any of the three diseases named in the statute; yet, the court found that his “illness was the type that the 207-p presumption was intended to cover.” However, the plain language of the statute makes it clear that the presumption is only applicable to the three named diseases. Thus, it was petitioner’s burden to prove that his condition was caused by an accidental line-of-duty injury, not respondents’ burden to demonstrate that petitioner’s condition was not caused by an accidental line-of-duty injury (see Matter of Evans v City of New York, 145 AD2d 361 [1st Dept 1988]).
The Medical Board found that the cause of petitioner’s nystagmus could not be determined and that the opinion of some of petitioner’s doctors that the cause was a virus that petitioner contracted during undercover work was speculative. As a result of a tie vote, the Board of Trustees determined that petitioner was not entitled to accidental disability retirement benefits. The determinations of both boards are supported by the requisite credible evidence of lack of causation (see Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756, 760-761 [1996]; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144-145, 148 [1997]). Neither board was required to identify the cause of petitioner’s disability.
Although we are sympathetic to petitioner’s plight, his remedy lies with the legislature.
Concur — Moskowitz, J.B, Richter, Manzanet-Daniels, Clark and Kapnick, JJ.