*442 Judgment, Supreme Court, New York County (Louis B. York, J), entered May 7, 2013, denying the petition to annul respondent Board of Trustees’ denial of petitioner’s application for accident disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination that petitioner’s line of duty injury was not sustained in an accident had a rational basis (see Administrative Code of City of NY § 13-252; Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347 [1983]). Petitioner was injured when, while working behind a desk, he forcibly attempted to close a stuck drawer, the drawer abruptly gave way, and he slammed his right thumb on the face of the drawer. The closing of the drawer, a routine task, was not an accident, namely, a “sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks omitted]). Rather, it was the foreseeable and intended result of petitioner’s own conduct (see e.g. Matter of Hopp v Kelly, 4 AD3d 176 [1st Dept 2004]; Matter of Bottino v Murphy, 209 AD2d 335 [1st Dept 1994]; compare Matter of Flannelly v Board of Trustees of N.Y. City Police Pension Fund, 278 AD2d 113 [1st Dept 2000]).
Concur—Gonzalez, PJ., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.