## Matter of Holness v Teachers' Retirement Sys. of City of N.Y.

2024 NY Slip Op 33254(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 157899/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

DANA HOLNESS,

Petitioner,

- v -

TEACHERS' RETIREMENT SYSTEM OF CITY OF NEW YORK and CITY OF NEW YORK,

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 157899/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 were read on this motion to/for                ARTICLE 78 (BODY OR OFFICER)              .

In this proceeding pursuant to CPLR article 78, the petitioner seeks judicial review of a May 1, 2023 Teachers' Retirement System of the City of New York (TRS) medical board determination denying her application for accidental disability retirement (ADR) benefits, and also seeks relief in the nature of mandamus to compel the TRS to approve her application for those benefits. The respondents answer the petition, denying that that the medical board's determination was arbitrary and capricious, or that it had a nondiscretionary legal obligation to award ADR benefits to the petitioner. They also submit the administrative record. The petition is denied, and the proceeding is dismissed.

The petitioner, who was a school teacher working for the New York City Board of Education, alleged that, in March 2020, she had contracted COVID-19 during the first wave of the 2020-2021 pandemic as a consequence of working in close proximity to a co-worker at her school, who also had contracted COVID-19. Although the petitioner's co-worker tested positive for the virus after undergoing an early version of a COVID-19 test, the initial polymerase chain reaction (PCR) test administered to the petitioner herself was negative. Although the petitioner

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 9

1 of 9

took two days of sick leave on March 19, 2020 and March 20, 2020, she continued to teach remotely for the remainder of the 2019-2020 school year, and taught remotely up to and including April 2022.

The petitioner alleged, however, that during 2020, she had suffered from many long-term symptoms characteristic of the COVID-19 virus, including respiratory symptoms. A June 4, 2020 test for the presence of COVID-19 antibodies was positive, demonstrating that she had at least been exposed to the virus, although a second PCR test administered at that time was negative. The petitioner's physician nonetheless concluded that she indeed had contracted COVID-19. According to the petitioner, she returned to work in person in May 2022, with accommodations that were based upon the presumption that she was suffering from long-term COVID. The petitioner underwent several PCR tests over the years that were negative, although one test administered in July 2022 came back positive.

According to the petitioner, her medical history at the time of the COVID-19 outbreak in March 2020 included a discectomy to repair a bulging or herniated lumbar disc that had caused right leg nerve pain, fibrosis, and controlled asthma, none of which affected her ability to work as a teacher between 1997 and March 2020. As she recounted it, however, subsequent to March 2020, she suffered from ongoing symptoms, including those common to COVID-19 patients, most notably coughing and difficulty breathing. She asserted that she also developed a rapid heartbeat and, in February 2021, began suffering from anemia that required iron infusions. The petitioner further alleged that, in April 2021, she was hospitalized for fever and diagnosed with a left-leg deep vein thrombosis (DVT), and placed on the blood thinner Xarelto for 8 months. She further averred that pre-existing endometrial polyps, which for six years prior to the pandemic had remained at the same, asymptotic size, had rapidly enlarged. The petitioner alleged that, in June 2022, she suffered from worsening pelvic bleeding that required a hysterectomy, and thereafter was diagnosed with complex regional pain syndrome (CRPS) in her left leg, which her treating physicians concluded was the result of post-thrombotic syndrome

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 9

2 of 9

[* 2]

after her April 2021 left leg DVT. As the petitioner described it, she has seen multiple specialists for her left-leg pain since that time, including orthopedists, neurologists, and pain management physicians.

The petitioner alleged that all of these conditions and symptoms, particularly the CRPS, caused her to be unable to continue working in her position as a teacher, and thus rendered her disabled. In her application for ADR benefits, the petitioner's treating and diagnosing physicians reported that the development of these disabling conditions were caused by long-term COVID. None of those physicians, however, concluded that the petitioner actually had contracted COVID-19 due to her proximity to her infected co-worker in March 2020.

On March 2, 2023, the petitioner submitted her application for ADR benefits to the TRS, which included her statement of reasons for granting the application, and medical reports and records from several of her treating physicians and health-care providers.

The petitioner's internist, Steven Kubersky, M.D., in a report dated February 7, 2023, asserted that her subjective and objective symptoms were "[s]ince dx covid 3/18/20 repeated bouts of covid symptoms, shortness of breath, belabored breathing, severe anemia, Hx Covid-19 (by antibody), leg pain." His diagnosis was "long covid syndrome, irregular heartbeat, iron deficiency, anemia, extreme menorrhagia hemorrhage, uterine fibroids, DVT referral," and her treatment comprised "supportive measures for long covid, referral for hematologist consult and iron infusions, hysterectomy, referral per neurological and orthoped[ ] consults, amitriptyline, Xeralto, prescription and referral for vascular [sic]." Dr. Kubersky characterized his prognosis for the petitioner as "guarded," and he opined that she "will be dealing with CRPS for the rest of her life." In a February 3, 2023 report, the petitioner's pulmonologist, John Munger, M.D., described her symptoms as "pain and hypersensitivity in the left leg. It is swollen with some discoloring upon standing." His diagnosis was "DVT L leg 2021, *probable* sequela of Covid in 2020, . . . persistent pain L leg, postphlebitic syndrome and/or complex regional pain syndrome, . . . long COVID syndrome since 3/2020 with fatigue and S[hortness] O[f] B[reath]" (emphasis

**157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 9**

3 of 9

added). Dr. Munger noted that the petitioner's treatment had consisted of "physical therapy for leg & will be seen by vascular surgeon. Sees pain management. There is no known effective treatment for long COVID." As with Dr. Kubersky, Dr. Munger described the petitioner's prognosis as "guarded," and opined that "her leg pain may improve but needs opinion from vascular surgeon---course of long COVID is variable." In his February 1, 2023 report, the petitioner's specialist in vascular and interventional radiology, Anuj Malhotra, M.D., reiterated much of the information set forth in the reports of Drs. Kuberskey and Munger, but explicitly diagnosed the petitioner with CRPS, described injections given her for that condition, and concluded that the petitioner's prognosis was guarded, and that she might suffer from a lifelong condition with recurrences. The plaintiff submitted numerous other reports from health-care providers, including physical therapists and mental health practitioners, all of which came to similar conclusions.

On April 19, 2023, the TRS's medical board, consisting of three physicians, conducted a remote interview with the petitioner, at which the physicians asked questions of the petitioner concerning the onset and nature of her symptoms, her treatment, and her current condition. In the medical board's report, dated the same day, the board concluded that:

> "Ms. Holness['s] request for accident disability retirement benefits [should] be denied. Her respiratory illness in March of 2020 was contracted while performing the normal job duties of a teacher with no unexpected or unforeseen workplace occurrences. She was taking public transportation to work at the time, where there is also the possibility of viral exposure. Therefore, the event as described by applicant is not to be considered as a line of duty accident. In addition, when tested by PCR on March 18th 2020 at the New Rochelle covid testing site she tested negative for covid.

> "Due to her ongoing left leg pain and diminished exercise tolerance the Medical Board would agree to approve ordinary disability retirement benefits (if the member chooses to apply for this benefit). If member applies for ordinary disability benefit, a follow up would then be required in one year."

In a written determination dated May 1, 2023, the TRS formally denied the petitioner's application for ADR benefits for the reasons described in the medical board's report. On May

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW       Page 4 of 9
YORK ET AL
Motion No.  001

[* 4]                                                   4 of 9

10, 2023, the TRS approved the petitioner's alternate application for ordinary disability retirement benefits. The petitioner commenced this proceeding on August 9, 2023.

Where, as here, an administrative determination is made, and there is no statutory requirement of a trial-type hearing, that determination must be confirmed unless it is made in violation of lawful procedure, is arbitrary and capricious, or is affected by an error of law (*see* CPLR 7803[3]; *Matter of Adirondack Wild Friends of the Forest Preserve v New York State Adirondack Park Agency,* 34 NY3d 184, 191 [2019]; *Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off*., 33 NY3d 131, 135 [2019]; *Matter of Lemma v Nassau County Police Officer Indem. Bd*., 31 NY3d 523, 528 [2018]; *Matter of McClave v Port Auth. of N.Y. & N.J*., 134 AD3d 435, 435 [1st Dept 2015]; *Matter of Batyreva v New York City Dept. of Educ*., 50 AD3d 283, 283 [1st Dept 2008]; *Matter of Rumors Disco v New York State Liquor Auth*., 232 AD2d 421, 421 [2d Dept 1996]). Inasmuch as the petitioner made no allegation that the challenged determination was made in violation of lawful procedure, or was affected by an error of law, this court must, upon review, confirm the determination unless the petitioner established that it was arbitrary and capricious.

A determination is arbitrary and capricious where it is not rationally based, or has no support in the record (*see Matter of Gorelik v New York City Dept. of Bldgs*., 128 AD3d 624, 624 [1st Dept 2015]), or where the decision-making agency fails to consider all of the factors it is required by statute to consider and weigh (*see Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 608 [2d Dept 2008]). Stated another way, a determination is arbitrary and capricious when it is made "without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Consequently, an agency determination is arbitrary and capricious where the agency provides only a "perfunctory recitation" of relevant statutory factors or other required considerations as a basis for its conclusions (*Matter of BarFreeBedford v New York State Liq. Auth.,* 130 AD3d 71, 78 [1st Dept

157899/2023 HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 9

5 of 9

2015]; *see Matter of Wallman v Travis*, 18 AD3d 304, 308 [1st Dept 2005] ["perfunctory discussion"]), provides no reason whatsoever for its determination (*see Matter of Rhino Assets, LLC v New York City Dept. for the Aging, SCRIE Programs*, 31 AD3d 292, 294 [1st Dept 2006]; *Matter of Jones v New York State Dept. of Corrections & Community Supervision*, 2016 NY Misc LEXIS 15778, *1-2 [Sup Ct, Erie County, Jul. 28, 2016]), or provides only a post hoc rationalization therefor (*see Matter of New York State Chapter, Inc., Associated Gen. Contrrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 756 [1996]; *Matter of L&M Bus Corp. v New York City Dept. of Educ.*, 71 AD3d 127, 135 [1st Dept 2009]).

A court may not substitute its own judgment for that of an administrative agency acting within its area of expertise, even though the facts might lead the court to another conclusion (*see Matter of Barry's Bootcamp NYC, LLC v Board of Stds. & Appeals of City of N.Y.,* 195 AD3d 501, 501 [1st Dept 2021]).  Thus, judicial review of the propriety of an administrative determination is limited to the grounds that the agency had invoked in making its determination and, if those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis (*see Matter of Montauk Improvement, Inc. v Proccacino*, 41 NY2d 913, 913-914 [1977]; *see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758-759 [1991]).  Consequently, "the court may not consider arguments or evidence not contained in the administrative record" (*Matter of Brusco v New York State Div. of Hous. & Community Renewal*, 170 AD2d 184, 185 [1st Dept 1991], citing *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal*, 160 AD2d 343, 343 [1st Dept 1990]; *see Matter of L&M Bus Corp. v New York City Dept. of Educ.,* 71 AD3d 127, 136 [1st Dept 2009], *mod on other grounds* 17 NY3d 149 [2011], citing *Matter of Yarbough v Franco,* 95 NY2d 342, 347 [2000]).

In light of the foregoing, determinations by the TRS denying applications for ADR benefits must be upheld unless they were not rationally based on evidence contained in the administrative record (*see Matter of Borenstein v New York City Empls. Retirement Sys.,* 88

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No.  001

Page 6 of 9

NY2d 756, 760 [1996]; *Matter of Doorley v Kelly*, 106 AD3d 554, 554 [1st Dept 2013]). The court thus must uphold the TRS medical board's determination that the petitioner's disability "was not sustained in an accident" if it was rationally based (*Matter of Heinichen v Kelly*, 117 AD3d 441, 442 [1st Dept 2014]).

The court concludes that the TRS medical board's determination was, indeed, rational and not arbitrary and capricious. Even if the court accepts the petitioner's contention that she had contracted COVID-19 in 2020, and that all of the serious conditions that she sustained between 2020 and 2023 were caused by long COVID, it was rational for the medical board to have concluded that she had not established that she had contracted COVID at work by virtue of her proximity to her co-worker, rather than contracting it on a subway or commuter train, a bus, a store, a restaurant, or some other location (*see Matter of Stavropoulos v Bratton*, 148 AD3d 449, 454 [1st Dept 2017] [employee's physician could not incontrovertibly relate his hypertension either to thalassemia or exposure to toxins in responding to World Trade Center terrorist attacks on September 11, 2001; *see also Matter of Anonymous v Kelly*, 115 AD3d 619, 620 [1st Dept 2014] [affirming TRS medical board's finding that the cause of petitioners illness "could not be determined" and that the opinion of petitioner's doctors was "speculative"]).

Moreover, "'[a]s an applicant for accidental disability retirement benefits, petitioner bears the burden of demonstrating that [her] disability arose out of an accident as defined by the Retirement and Social Security Law, and the [agency's] determination in that regard will be upheld if supported'" by evidence in the record (*Matter of Young v DiNapoli*, 208 AD3d 1411, 1411-1412 [3d Dept 2022], quoting *Matter of Valente v New York State Comptroller*, 205 AD3d 1295, 1295 [3d Dept 2022]; *see Matter of Amar v New York City Empls.' Retirement Sys.,* 187 AD3d 687, 688 [1st Dept 2020] [such a determination must be upheld if supported by "credible evidence" in the record]; Retirement and Social Security Law §§ 605[b][3]; 605[f]). "[A]n injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (*Matter of Kelly v DiNapoli*, 30 NY3d 674, 682 [2018] [interpreting Retirement and Social

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No. 001
Page 7 of 9

7 of 9

Security Law § 363(a)(1), which provides for award of ADR benefits to police officers and firefighters injured in line-of-duty occurrences caused by a sudden and unexpected event that did not arise from a risk inherent in their employment]).  By way of contrast, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*id*. at 681 [internal quotation marks and citation omitted]; *see Matter of Parry v New York State Comptroller*, 187 AD3d 1303, 1304 [3d Dept 2020]).  The court concludes that it also was rational for the medical board to have concluded that, even if workplace exposure caused the petitioner to contract COVID-19---a coronavirus not totally dissimilar to the virus that causes the common cold---it was contracted while performing the normal job duties of a teacher, with no unexpected or unforeseen workplace occurrences contributing to the infection.  In this regard, the respondent correctly argued that, with respect to claims for ADR benefits, and the underlying requirement that an applicant demonstrate that his or her qualifying medical condition resulted from a sudden, unexpected occurrence, the Legislature has not enacted any law that treats the onset of a COVID-19 infection differently than, or distinct from, any other communicable viral, bacterial, or fungal disease.  It noted that, although the Legislature amended the Retirement and Social Security Law with respect to public employee pension benefits, by defining a COVID-19 death as "accidental" for the purpose of entitlement to "accidental death" benefits (*see* Retirement and Social Security Law § 607-i), it did not do the same with respect to ADR benefits.

As relevant here, mandamus to compel lies where an administrative body has failed to perform a duty enjoined upon it by law, the performance of that duty is mandatory and ministerial rather than discretionary, and there is a clear legal right to the relief sought (*see* CPLR 7801[1]; *Matter of Hoffmann v New York State Ind. Redistricting Commn*., 41 NY3d 341, 364-365 [2023]; *New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see also Klostermann v Cuomo*, 61 NY2d 525, 540 [1984] [explaining that the "function of

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No.  001

Page 8 of 9

8 of 9

mandamus (is) to compel acts that officials are duty-bound to perform"]).  The determination made by TRS in this dispute clearly was discretionary, not ministerial, and the petitioner has failed to establish a clear legal right to the relief she sought.

The petitioner's remaining contentions are without merit.

Accordingly, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

9/17/2024
DATE

JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157899/2023   HOLNESS, DANA vs. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 9 of 9

9 of 9